UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**FILED**
Jeffrey A. Apperson, Clerk
JUN 1 1 2009
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

CRIMINAL ACTION NO. 4:08CR-14-M

UNITED STATES OF AMERICA — PLAINTIFF

VS.

LUCINDA D. CALHOUN
JOHN E. CALHOUN JR. — **DEFENDANTS**

### JURY INSTRUCTIONS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Government has proven its case; and third, some rules for your deliberations. A copy of these instructions will be available for you in the jury room.

### I. GENERAL RULES CONCERNING JURY DUTIES

It is your duty to find the facts from all the evidence in the case. You must apply the law to those facts. You must follow the law I give to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law, as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return



-- that is a matter entirely for you to decide.

The lawyers may refer to some of the governing rules of law in their arguments. However, if any differences appear to you between the law as stated by the lawyers and what I state in these instructions, you are to be governed solely by my instructions.

## BURDEN OF PROOF

The defendants are presumed innocent. The presumption of innocence remains with them unless the government presents evidence that overcomes the presumption and convinces you beyond a reasonable doubt that they are guilty. The defendants have no obligation to present any evidence at all or to prove to you in any way that they are innocent. You must find the defendants not guilty unless the government convinces you beyond a reasonable doubt that they are guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence. Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendants guilty beyond a reasonable doubt, then say so by returning a guilty verdict. If you are not convinced, then say so by returning a not guilty verdict.

## EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the

2



lawyers have agreed or stipulated to or that have been judicially noticed.

## WHAT IS NOT EVIDENCE

You must remember that the indictment is not evidence of any guilt. It is simply the formal way the government tells the defendants what crimes they are accused of committing. It does not even raise any suspicion of guilt and you may not consider it as such. Furthermore, the following things are not evidence and you may not consider them in deciding what the facts are:

1)      Arguments and statements by lawyers are not evidence;

2)      Questions and objections by lawyers are not evidence;

3)      Testimony I have instructed you to disregard is not evidence; and,

4)      Anything you may have seen or heard when the Court was not in session is not evidence.

## STATE OF MIND

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

3



## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is indirect evidence, that is, proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.  You are entitled to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence.  In doing this, you must decide which testimony to believe and which testimony not to believe.  You may disbelieve all or any part of any witness's testimony.  You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias or prejudice they may have; any interest you may discern that they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

In deciding whether to believe a witness, keep in mind that people sometimes forget things.  You need to consider, therefore, whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other.  You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one

4

side has greater weight than that of a larger number on the other or vice versa.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

All of these are matters for you to consider in deciding the facts.

## TESTIMONY OF DEFENDANTS

You have heard the defendants testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony. You should consider those same things in evaluating the defendants' testimony.

I will now explain the elements of the crime that the defendants are accused of committing.

5



## II. RULES OF LAW

## INSTRUCTION NO. 1

### Count 1: Aiding and Abetting Armed Bank Robbery

Count 1 of the Superseding Indictment charges that the defendant Lucinda Calhoun "aided and abetted" Tracy Crockett in the commission of armed bank robbery in violation of federal law.

For you to find the defendant Lucinda Calhoun guilty of the crime charged in Count 1, it is not necessary for you to find that she personally committed the crime. You may also find her guilty if she intentionally helped someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find the defendant Lucinda Calhoun guilty of the crime charged in Count 1 as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

(1) that the crime of armed bank robbery was committed;

(2) that the defendant helped to commit the crime; and

(3) that the defendant intended to help commit the crime.

The parties have agreed that Tracy Crockett committed an armed bank robbery. This means that there is no dispute about this fact, and you should accept this fact as true.

Proof that the defendant may have known about the crime, even if she was there when it was committed, is not enough for you to find her guilty. You can consider this in deciding whether the government has proved that she was an aider and abettor, but without more it is not enough.

What the government must prove is that the defendant did something to help the crime with the intent that the crime be committed.



If you are convinced that the government has proved all of these elements for Count 1, say so by returning a guilty verdict on that count. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty as an aider and abettor.

Lastly, I instruct you that a defendant may not be convicted of both aiding and abetting an armed bank robbery under 18 U.S.C. § 2113(d) and receiving or possessing the proceeds of that robbery in violation of 18 U.S.C. § 2113(c).  Therefore, if you find defendant Lucinda Calhoun guilty of aiding and abetting in Count 1, you must consider Count 2 only with respect to defendant John Calhoun.

7



## INSTRUCTION NO. 2

### Count 2: Possession of Stolen Bank Money or Property

Count 2 of the Superseding Indictment charges that the defendants Lucinda Calhoun and John Calhoun Jr. received or possessed stolen bank money or property in violation of 18 U.S.C. § 2113.

In order for you to find a defendant guilty of this charge, you must be satisfied that the United States has proved all of the following elements beyond a reasonable doubt:

(1) the defendant received, possessed, concealed, or stored money;

(2) the money was taken from a bank;

(3) at the time charged in the indictment the bank had its deposits insured by the FDIC; and

(4) the defendant knew that the money was stolen at the time he/she possessed, received, possessed, concealed, or stored it.

The parties have agreed that the deposits of South Central Bank located at 2715 Frederica Street, Owensboro, Kentucky were insured by the Federal Deposit Insurance Corporation during the time period charged in the indictment. This means that there is no dispute about this fact, and you should accept this fact as true.

If you find from your consideration of all the evidence that each of these elements has been proved beyond a reasonable doubt, then you should find the defendant guilty. If, on the other hand, you find from your consideration of all the evidence that any of these elements has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

### Additional Finding

If you find a defendant guilty of this charge, then you must determine from the

8

evidence, beyond a reasonable doubt, whether the amount of money received, possessed, concealed, or stored by that defendant was greater than $1000.

## INSTRUCTION NO. 3

## Count 3: Making a False Statement in a Matter Within the Jurisdiction of the United States Government

Count 3 of the Superseding Indictment charges that the defendant Lucinda Calhoun made a false statement to a federal agent in connection with a matter within the jurisdiction of the executive branch of the federal government in violation of 18 U.S.C. § 1001.

A defendant can be found guilty of this offense only if all of the following facts are proved beyond a reasonable doubt:

(1) Defendant Lucinda Calhoun made a statement;

(2) the statement was false;

(3) the statement was material;

(4) Defendant Lucinda Calhoun acted knowingly and willfully; and

(5) the statement pertained to a matter within the jurisdiction of the executive branch of the United States government.

A statement is "false" if it was untrue when it was made, and the defendant knew it was untrue at that time.

A "material" statement is one that has the natural tendency to influence or is capable of influencing a decision of the Federal Bureau of Investigation.

An act is done "knowingly and willfully" if it is done voluntarily and intentionally, and not because of mistake or some other innocent reason.

A matter is "within the jurisdiction of the executive branch of the United States government" if the Federal Bureau of Investigation has the power to exercise authority in that matter. It is not necessary that the government prove that the defendant knew the

10



matter was within the jurisdiction of the United States government or that the statements were made directly to, or even received by, the United States government.

If you are convinced that the government has proved these elements beyond a reasonable doubt, you may return a guilty verdict on this count.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this count.



## INSTRUCTION NO. 4

### On or About

The Superseding Indictment charges that the crimes happened "on or about" certain dates stated in various counts. The government does not have to prove that the crimes happened on those exact dates. But the government must prove that the crimes happened reasonably close to those dates.

## INSTRUCTION NO. 5

### Constructive Possession

Next, I want to explain something about possession. The government does not necessarily have to prove that a defendant physically possessed the money to find him or her guilty of this crime. The law recognizes two kinds of possession -- actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

To establish actual possession, the government must prove that a defendant had direct, physical control over the money, and knew that he or she had control of it.

To establish constructive possession, the government must prove that a defendant had the right to exercise physical control over the money, and knew that he or she had this right, and that he or she intended to exercise physical control over the money at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession. The government must prove that a defendant had actual or constructive possession of the money and knew that he or she did, for you to find him or her guilty of this crime. This, of course, is all for you to decide.

13



## INSTRUCTION NO. 6

### Joint Possession

One more thing about possession. The government does not have to prove that a single defendant was the only one who had possession of the money. Two or more people can together share actual or constructive possession over property. And if they do, both are considered to have possession as far as the law is concerned.

But remember that just being present with others who had possession is not enough to convict. The government must prove that the defendant had either actual or constructive possession of the money and knew that he or she did for you to find him or her guilty of this crime. This, again, is all for you to decide.

14



## INSTRUCTION NO. 7

### Other Uncharged Acts by the Defendant

You have heard testimony that Lucinda Calhoun directed Tracy Crockett to write checks for insufficient funds, then gave the bulk of the proceeds of those bad checks to Lucinda Calhoun. You have also heard that Lucinda Calhoun aided Tracy Crockett in attempting an earlier bank robbery. These crimes are not charged as part of this case. If you find that the defendant Lucinda Calhoun did direct Tracy Crockett to write bad checks and receive the proceeds, or that Lucinda Calhoun aided Tracy Crockett in attempting an earlier bank robbery, or both, then you can consider the evidence only as it relates to the government's claim on Lucinda Calhoun's motive to aid and abet Tracy Crockett in robbing the South Central Bank located at 2715 Frederica Street, Owensboro, Kentucky, through the existence of an ongoing scheme or plan between the two women. You must not consider it for any other purpose.  Remember that the defendant is on trial here only for aiding and abetting an armed bank robbery, receiving or possessing money stolen from a bank, and making a false statement within the jurisdiction of a federal agency, not for the other acts. Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.



## INSTRUCTION NO. 8

### False Exculpatory Statements

You have heard testimony that after the crime was supposed to have been committed, the defendant Lucinda Calhoun made a false statement on a matter within the jurisdiction of a federal agency.

If you believe that the defendant Lucinda Calhoun made such a false statement, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that she committed the crimes charged. This conduct may indicate that Lucinda Calhoun thought she was guilty and was trying to avoid punishment. On the other hand, sometimes an innocent person may lie for some other reason.

16



## INSTRUCTION NO. 9

### Separate Consideration of Defendants and Charges

The defendants have been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. In our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them. For each one, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of a particular charge.

Your decision on any one defendant or charge, whether it is guilty or not guilty, should not influence your decision on the other defendant or any of the other charges.

17



## INSTRUCTION NO. 10

If you decide that the government has proved the defendants guilty, then it will be my job to decide what the appropriate punishment should be.

Your job is to look at the evidence and decide if the government has proved the defendants guilty beyond a reasonable doubt.

## INSTRUCTION NO. 11

### Impeachment by Prior Inconsistent Statement

You have heard testimony that before trial David Middleton and Tracy Crockett made statements that may be different from their testimony here in court. These prior statements were brought to your attention only to help you decide how believable their testimony was. You cannot use these prior statements as proof of anything else. You can only use these prior statements as one way of evaluating their testimony here in court.

### III. JURY DELIBERATIONS

I come now to the last part of the instructions, the rules for your deliberations.

### UNANIMOUS VERDICT

When you retire, you will discuss the case with your fellow jurors to reach agreement if you can do so. The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court. Your verdict, whether it is guilty or not guilty, must be unanimous. To find the defendants guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves their guilt beyond a reasonable doubt. To find the defendants not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt. Either way, guilty or not guilty, your verdict must be unanimous.

### REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with each other, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree

20



with you.  You should not hesitate to reconsider your views from time to time and to change them if you think that is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination.  Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## NOTES

Now I'd like to say something about the notes you may have taken during the trial. Your notes should be used only as memory aids.  You should not give your notes precedence over your independent recollection of the evidence.  If you have not taken notes, you should rely upon your independent recollection of the proceeding, and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.  Whether you have used notes or not, each of you must form and express your own opinion of the facts of the case.

You'll notice that we do have an official court reporter making a record of the trial.  However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

## RETURN OF VERDICT FORM

After you have reached unanimous agreement on a verdict, your foreperson will fill in the verdict form that has been given to you and advise the Marshal outside your door that you are ready to return to the courtroom.  After you return to the courtroom, your foreperson will deliver the completed verdict form as directed.

21



## COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing or here in open Court. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

